# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANK MANSUETTO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM D. GORE, Sheriff of San Diego County, <br><br> Respondents. | Case No.: 18cv427-CAB-MDD <br><br> **ORDER DISMISSING PETITION WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY** |

On February 25, 2018, Petitioner Robert Frank Mansueto, a pretrial detainee who is awaiting trial in San Diego Superior Court, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, requesting that the Court order Respondent to dismiss the eight felony counts against Petitioner in *People of the State of California v. Robert Frank Mansueto*, Case No. SCD 267665. [Doc. No. 1.] Petitioner alleges that the charges are brought on by an abuse of prosecutorial discretion, constitute harassment, are frivolous, undertaken with no reasonably objective hope of success, and were motivated by Petitioner's suspect class and in retaliation for Petitioner exercising his constitutional rights. [Doc. No. 1 at 4-5.] On March 5, 2018, Petitioner also filed a motion to stay the state court proceedings. [Doc. No. 3.]

1

On March 21, 2018, Respondent filed a response to the petition, and lodged portions of the state court record. [Doc. Nos. 5 and 6.] On April 9, 2018, Petitioner filed a traverse. [Doc. No. 7.] For the reasons set forth below, the petition is dismissed without prejudice.[1]

PROCEDURAL BACKGROUND

The San Diego County District Attorney has charged Petitioner in an information containing multiple counts alleging practicing dentistry without a license[2] (and thereby causing great bodily injury to one victim), practicing dentistry under a false name, providing unlawful medical treatment, grand theft, and petty theft, in violation of various provisions of the California Penal Code and the California Business and Professions Code. [Doc. No. 6-1 (information).] The information was filed on February 28, 2017. That prosecution has been and remains ongoing. [*See* Doc. No. 6-2 (trial court minute orders), entry for March 8, 2018 (trial date continued while various motions in limine are litigated).]

Pursuant to California procedure, before the information issued, a lengthy preliminary hearing took place, at which witnesses gave testimony and exhibits were introduced. [Doc. Nos. 6-3, 6-4 and 6-5.] During the preliminary hearing, evidence was introduced that on at least one occasion Petitioner performed an examination and rendered a diagnosis and treatment plan in California prior to personally transporting the patient to his clinic in Mexico. [*Id.* at 204-206.] At the conclusion of the preliminary hearing, counsel for Petitioner asked the court to not bind Petitioner over for trial, arguing that Petitioner had done no dental work in California. [*Id.* at 387-95.] The court ruled that there were sufficient contacts in California to establish jurisdiction over the alleged offenses and enough evidence to proceed with prosecution. [*Id.* at 402-07.]

---

[1] The motion to stay [Doc. No. 3] is **DENIED AS MOOT**.
[2] Petitioner lost his license to practice dentistry in California several years ago. [*See* Doc. No. 6-6 at 4.]

Petitioner challenged these rulings by the means established in California Penal Code section 995, asking for dismissal of all charges other than those alleging theft, arguing again that California had no jurisdiction over Petitioner's conduct in Mexico. [Doc. No. 6-7 at 4: 10-13.] The superior court denied this challenge, explaining that the practice of dentistry must be viewed as a continuing act, one that cannot be artificially separated into component parts. [Doc. No. 6-7 at 4: 13-15.]

In mid-July 2017, Petitioner filed a petition for writ of mandate in the California Court of Appeal, case number D072453. [Doc. No. 6-9.] Petitioner argued, *inter alia*: (1) relief was appropriate to prevent a prosecution for laws that do not apply to Petitioner and his conduct because the California statutes do not apply to someone "authorized to practice dentistry in Mexico pursuant to a license obtained in accordance with Mexican law" (*id.* at 20); and (2) even if those statutes are interpreted to apply, prosecution under such statutes should be foreclosed because, if the statutes permit such an interpretation, they are void for vagueness, in violation of the constitutional right to due process. (*Id.* at 26.) The court of appeal denied the petition on July 17, 2017. [Doc. No. 6-10.] Petitioner sought further review from the California Supreme Court, but that court declined further review on August 30, 2017. [Doc. No. 6-11.]

In early November 2017, Petitioner moved in the trial court for dismissal of all charges alleging violations of the California Business and Professions Code, pursuant to California Penal Code section 1385 (in the furtherance of justice); in the same motion, Petitioner sought to disqualify the prosecuting deputy district attorney. [Doc. No. 6-12.] Disqualification was denied by the trial court on November 29. [Doc. No. 6-2 at 17 (minute for November 29, 2017.] On that same date, the trial court took up additional motions in limine. [Doc. No. 6-13.] Again, the trial court ruled that it could exercise jurisdiction over the crimes alleged, even though some pertinent acts took place outside California. [Doc. No. 6-2 at 1 (minute entry for January 8, 2018); Doc. No. 6-13 at 3-7 (prosecutor's argument in support).]

Thereafter, on February 26 and 27, and on March 5, 6, and 8, 2018, the trial court conducted hearings regarding the status of Petitioner as a dentist in Mexico. [Doc. No. 6-2 at 1-11 (minute entries for those dates).] The most recent entry in the court minutes submitted by Respondent indicates that this issue was continued for further examination until March 12. [Doc. No. 6-2 at 1.]

DISCUSSION

Petitioner argues he is being prosecuted for alleged crimes under state law that do not apply to dentists practicing legally in Mexico, and this is a "fundamental jurisdictional error." [Dc. No. 1 at 4.] Petitioner also argues that he is being harassed by the prosecutor and singled out for prosecution, and points to other dentists who allegedly advertise in the United States and practice in Mexico but are not being prosecuted. [Doc. No. 7 at 3-7.]

Federal courts generally abstain from interfering with pending state criminal proceedings before the entry of a judgment of conviction. *Braden*, 410 U.S. at 489. In *Younger v. Harris*, 401 U.S. 37, 43–54 (1971), the Supreme Court strictly limited a federal court's ability to intervene in an ongoing state criminal proceeding. A federal court must abstain from addressing an asserted violation of a federal constitutional right where (1) state judicial proceedings are still pending, (2) the state proceedings implicate important state interests, and (3) the state proceedings offer an adequate opportunity to put forward the federal question. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223–24 (9th Cir.1994). All three elements must be present in order for abstention to be appropriate. *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir.1995).

Only when a person subject to state criminal prosecution can show that he will suffer irreparable injury, which is both great and immediate, may intervention be warranted. *Younger v. Harris*, 401 U.S. at 46. Irreparable injury has been found where a state is attempting to hold a second trial after a defendant has been tried on the same

offense, *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir.1992). Special circumstances which might warrant federal intervention before trial also include proven harassment and bad faith prosecutions. *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir.1980). However, the Ninth Circuit has held that in the absence of irreparable injury or a bad faith prosecution, "abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution." *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir.2012*); Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir.1980).

In addition, although there is no exhaustion requirement under section 2241(c)(3), principles of comity and federalism require a federal court to abstain from deciding pre-conviction habeas corpus challenges unless a petitioner demonstrates that (1) he has exhausted available state judicial remedies, and (2) "special circumstances warrant federal intervention." *See Carden*, 626 F.2d at 83–84. Here, Petitioner has not raised the issue of allegedly being singled out for prosecution in the California Court of Appeal or Supreme Court.

Moreover, Petitioner has failed to demonstrate any special circumstance or irreparable injury that would warrant federal intervention and which cannot be addressed by the state courts in an orderly fashion. Petitioner is actively contesting the question of jurisdiction in the trial courts. If convicted, he will have the right to appeal any alleged error by the trial court. In addition, the state court heard and specifically rejected Petitioner's claim that the trial deputy lacked objectivity and should be removed. Therefore, any suggestion of prosecutor overreach is contradicted by judicial involvement. It appears that Petitioner is simply unhappy with the superior court's rulings on his jurisdictional arguments and believes that the federal courts should now intervene in his favor. However, Petitioner has failed to present any compelling reason for this federal court to interfere with the ongoing state criminal proceeding.

All three elements warranting abstention are present. State judicial proceedings are on-going; the state proceedings involve the enforcement of state criminal laws, an

important state interest; and, assuming he is convicted, Petitioner will have an adequate opportunity to raise his constitutional claims on appeal in the California courts.

Accordingly, the Court finds that abstention is proper with respect to the still-pending charges.

## CONCLUSION

For the reasons set forth above, the petition is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability will not issue. Reasonable jurists would not find the dismissal of the petition debatable or wrong.

Dated: April 17, 2018

Hon. Cathy Ann Bencivengo
United States District Judge